| | |
|---|---|
| **NEW JERSEY BUILDING CONSTRUCTION LABORERS DISTRICT COUNCIL NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF,**<br><br>**Petitioners,**<br><br>v.<br><br>**INNOVATIVE MASONRY LLC d/b/a INNOVATIVE DESIGN & DEVELOPMENT,**<br><br>**Respondent.** | Civ. No. 18-14979 (WJM)<br><br>**OPINION** |

**<u>WILLIAM J. MARTINI, U.S.D.J.</u>**

This matter comes before the Court on Innovative Masonry LLC's motion to vacate an arbitration award, ECF No. 7, and New Jersey Building Construction Laborers District Counsel's motion to confirm the award, ECF Nos. 8-9. For the reasons set forth below, the motion to vacate is **DENIED** and the motion to confirm is **GRANTED**.

## I. BACKGROUND

On April 9 and April 27, 2018, Arbitrator Louis P. Verrone ("Arbitrator") held hearings to determine whether Innovative Masonry LLC ("Employer") violated its Collective Bargaining Agreement ("Agreement") with the New Jersey Building Construction Laborers' District Council and the Jersey Building Laborers Statewide Benefit Funds ("Union"). Arb. Op. & Award at 2, ECF No. 8, Ex. A ("Award"). Arbitrator answered two questions:

1. Whether the signatory Company violated the terms of the parties' Agreements by failing to apply all of the respective terms and conditions of said Agreements, including the payment of wages and benefits, while performing work covered by said Agreements at four distinct worksites under the name or names of other companies [("Other Companies")] in order to avoid its contractual responsibilities under the Agreements?
2. If so, what shall be the remedy?

1

*Id.* As to the first question, Arbitrator determined that by utilizing "related entities" to perform work, Employer "violated the Recognition, Wages and Fringe Benefits and Work Preservation provisions of the Agreements between it and the . . . Union[]." *Id.* at 30. As to the second question, Arbitrator applied "[t]he customary and most frequent remedy utilized by arbitrators under similar situations," namely, "a monetary award of damages to unit employees equal to the work opportunities afforded non-union employees." *Id.* Lost wages and benefits were calculated by "multiplying the number of job hours per week by the applicable hourly contractual wage [or benefit] rate." *Id.* at 31. Accordingly, Arbitrator (1) awarded Union $89,395.62, comprised of (a) $47,021.90 in unpaid wages; (b) $39,873.72 in unpaid benefits; and (c) $2,500.00 in fees and (2) ordered Employer to "cooperate fully with any inquiry or audit" by Union. *Id.* at 35-36.

On October 15, 2018, Employer petitioned this Court to vacate the arbitration award. *See Innovative Design and Development, LLC v. New Jersey Building Construction Laborers District Council Building and General Construction Laborers Local 3 & 77*, No. 18-cv-14966, ECF No. 1. The same day, Union opened this matter and petitioned to confirm the Award. ECF No. 1. Again on the same day, another union opened a third action. *See Keystone Mountain Lakes Regional Council of Carpenters* as successors to *Northeast Regional Council of Carpenters, Northeast Carpenters Funds and the Trustees Thereof v. Innovative Masonry LLC* d/b/a *Innovative Design & Development*, No. 18-cv-14975. As set forth in the Court's January 7, 2019 Order, after unwinding various motions, both parties were afforded opportunities to cross move for confirmation and vacatur. *See* ECF No. 6. Pending before the Court are those motions.

## II.     STANDARD OF REVIEW

Under the Federal Arbitration Act ("Act"), a court may vacate an arbitration award:

1.  where the award was procured by corruption, fraud, or undue means;
2.  where there was evident partiality or corruption in the arbitrators, or either of them;
3.  where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
4.  where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Despite the Act's relatively broad language, courts may only overturn an award in narrow circumstances. "Findings of fact and inferences to be drawn therefrom are the exclusive province of the arbitrator." *Citgo Asphalt Ref. Co. v. Paper, Allied-Indus., Chem. & Energy Workers Int'l Union Local No. 2-991*, 385 F.3d 809, 816 (3d Cir. 2004) (brackets and citation omitted). As to the application of those facts to collective bargaining

agreements ("CBAs"), "[i]f an arbitrator's award 'draws its essence from the [CBA],' . . . the award is legitimate." *Akers Nat. Roll Co. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, 712 F.3d 155, 160 (3d Cir. 2013) (citation omitted). An award "draw[s] its essence from the [CBA] if the interpretation can in any rational way be derived from the agreement." *Id.* (citation omitted). "Indeed, a reviewing court may disturb an arbitrator's award only where there is a manifest disregard of the [CBA], totally unsupported by principles of contract construction and the law of the shop." *Id.* (citation omitted). "If an arbitrator is even arguably construing or applying the [CBA] and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.* (citation omitted). To have an award vacated, movants bear a "heavy burden." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013).

## III.    DISCUSSION

Employer seeks to vacate the Award. In support, it argues that Arbitrator (1) incorrectly found that one of the Other Companies, E&N Construction, was "related" to Employer and (2) "refused to hear [Employer's] challenges to the actual number of hours being sought for benefits." Mot. to Vacate at 7-9, ECF No. 7. Union seeks to confirm the award of $89,395.62 and for equitable relief including $400.00 in court costs, totaling $89,795.62. ECF Nos. 1, 8-9.

### A.    Determination of Related Entities and Violation of the Agreement

Employer asserts "that the Arbitrator's finding that E&N Construction is a 'related company' to Innovative Design and Development, LLC is so against the weight of the evidence proffered at the hearing, that the award is both (1) arbitrary and capricious and (2) displays a manifest disregard of the law." Mot. to Vacate at 9.

Here, Arbitrator at least "arguably constru[ed] or appl[ied] the" Agreement in finding the companies related. *Akers*, 712 F.3d at 160. Arbitrator reviewed and analyzed the factual record in detail, Award at 15-17, 21-29, set forth the legal authorities he relied on, *id.* at 18-20, and concluded the Other Companies are "related entities . . . within the meaning of the work preservation clauses contained in the parties' Labor Agreements," despite nominal outside ownership, *id.* at 29. The Court is not authorized to overturn any improper inferences or findings of fact Arbitrator made in reaching that conclusion. *See Citgo Asphalt Ref. Co.*, 385 F.3d 809 at 816.

Therefore, the Court rejects Employer's argument that the Award is arbitrary and capricious or displays a manifest disregard for the law.

### B.    Refusal to Hear Challenges to the Number of Hours

Employer asserts Arbitrator "exceeded the scope of his authority in entering a specific monetary award" because, after Union "started to produce testimony about how many hours it should have taken to perform [the] work" Employer objected and, during the ensuing conference:

> [I]t was decided that the only issue which the Arbitrator would decide would be the issue of whether E&N Construction was a "related company" . . . . The issue of actual benefits owed in the event of a finding of "related-entity" status was to be [decided] by separate proceeding at which [Employer] would be given the opportunity to challenge [Union's] proofs on this issue.

> Based upon this discussion, no further evidence was proffered at the hearing by [Union] as to the reasonable number of hours, by trade, for the work being sought and [Employer] did [sic] offer any testimony challenging those numbers.

Mot. to Vacate at 7-8. Employer provides no citation or evidentiary support. *See id.*

Here, the specific monetary award "draw[s] its essence" from the Agreement, and thus will be confirmed. *Akers*, 712 F.3d at 160. Arbitrator calculated lost wages and benefits by "multiplying the number of job hours per week by the applicable hourly *contractual* wage [or benefit] rate." Award at 31 (emphasis added). Thus, the specific monetary award was, in some rational way, derived from the Agreement. This is sufficient. *See Akers*, 712 F.3d at 160.

Employer's argument that Arbitrator acted beyond his authority because "it was decided" that "[t]he issue of actual benefits owed . . . was to be [decided] by separate proceeding" is unavailing. Mot. to Vacate at 10. First, Employer fails to set forth any evidence of the alleged discussion and decision. *See generally id.*; *Oxford Health Plans LLC*, 569 U.S. at 569 (party seeking relief under § 10(a)(4) of the Act "bears a heavy burden"). Second, even assuming "it was decided," the Court lacks authority to disrupt Arbitrator's use of "[t]he customary and most frequent remedy utilized by arbitrators under similar situations," Award at 30, as it complies with the "law of the shop," *see Akers*, 712 F.3d at 160. Under the customary approach applied, damages equal "the work opportunities afforded non-union employees." Award at 30. The work opportunities afforded to non-union employees were, according to Arbitrator, reflected in Employer's certified payroll records or could be discovered through audits. *Id.* at 30, 34. The Court cannot overturn Arbitrator's application of that factual determination (i.e., the number of missed hours) to the customary approach to damages.[1]

Therefore, the Court rejects Employer's argument that Arbitrator exceeded the scope of his authority.

---

[1] As made clear by the Third Circuit, overturning an award is only permitted "where there is a manifest disregard of the [CBA], totally unsupported by . . . *the law of the shop.*" *See Akers*, 712 F.3d at 160 (emphasis added). Here, Arbitrator applied "[t]he customary and most frequent remedy utilized by arbitrators under similar situations." Award at 30. Further, the Court is not permitted to overturn Arbitrator's factual determinations regarding the payroll records' relevance and accuracy. *See Citgo Asphalt Ref. Co.*, 385 F.3d at 816 ("Findings of fact and inferences to be drawn therefrom are the exclusive province of the arbitrator.").

### C.    Union's Motion to Confirm and Request for Equitable Relief

As Employer failed to meet its burden to vacate the Award, Union's motion to confirm is **GRANTED**.  However, Union's Notice of Motion stated that it would "rely upon the October 15, 2018 Petition to Confirm Arbitration Award," ECF No. 8, which—in addition to requesting confirmation—sought equitable relief including the "court's filing fee in the amount of $400," ECF No. 1.  Counsel is directed to Local Rule 54.1 regarding the appropriate method for requesting costs.

## IV.    CONCLUSION

For the reasons set forth above, Innovative Masonry LLC's motion to vacate, ECF No. 7, is **DENIED**.  The New Jersey Building Construction Laborers' District Council and the New Jersey Building Laborers Statewide Benefit Funds' motion to confirm, ECF Nos. 8-9, is **GRANTED**.  An appropriate order follows.


**Date: March 7, 2019**

WILLIAM J. MARTINI, U.S.D.J.